**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS CONNOR, et al., | CIVIL ACTION NO. 10-6689 (MLC) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| KUMHO TIRE U.S.A., INC., et al., | |
| Defendants. | |

**THE COURT**, <u>inter alia</u>, ordered the defendants to show cause why the action should not be remanded to New Jersey state court (1) for failure to demonstrate jurisdiction under 28 U.S.C. § ("Section") 1332, and (2) based on the forum-defendant rule under Section 1441(b).  (Dkt. entry no. 4, Order To Show Cause.)  The Court assumes that the parties are familiar with the contents of the Order To Show Cause, and will not restate all of the case law and directives contained therein.  The defendant Korea Express U.S.A., Inc. ("KEX") removed this action brought (1) by the plaintiffs — (a) Thomas Connor, who is an Illinois citizen, and (b) William Powers Loutrel, who is a Texas citizen — in New Jersey state court, (2) against the defendants, Kumho Tire U.S.A., Inc. ("KTU"), KEX, and Hong Jae Lee, and (3) to recover damages for wrongful termination from employment pursuant to state law.  (<u>See</u> dkt. entry no. 1, Rmv. Not.; <u>id.</u>, Ex. A, Compl.)  KEX asserted jurisdiction under Section 1332, and thus had the burden of demonstrating jurisdiction.  <u>See</u> 28 U.S.C. §§ 1446(a),

1447(c). All defendants have now consented to removal. (See, e.g., dkt. entry no. 14, Defs. Letter (indicating that counsel represents all three defendants).)

## FORUM-DEFENDANT RULE

It appears that KEX is deemed to be a citizen of New York and New Jersey. (See Rmv. Not. at 3.) 28 U.S.C. § 1332(c)(1). The Court also assumes for the purposes of the discussion here that Hong Jae Lee is a New Jersey citizen. (Id. at 4.) Pursuant to the forum-defendant rule, a state court action that could have been brought initially in federal court under Section 1332 is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought". 28 U.S.C. § 1441(b); see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) (stating "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State"); Bor. of W. Mifflin v. Lancaster, 45 F.3d 780, 785 (3d Cir. 1995) (stating "[Section] 1441(b) diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court"). It appears that removal of this action is barred.

## JURISDICTIONAL ALLEGATIONS

The defendants allege that Hong Jae Lee "is, upon information and belief, a resident of . . . New Jersey". (Rmv. Not. at 4.)

2

An allegation as to where a party resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction. See McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008). In addition, a citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties". Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999); see S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"). Assuming for the purposes of the jurisdictional discussion here that the citizenship of Hong Jae Lee is unclear, KEX has prevented the Court from discerning whether each plaintiff is a citizen of a different state in relation to Hong Jae Lee. See 28 U.S.C. § 1332(a)(1).

## THE ACTION WILL BE REMANDED

The defendants have filed four letters or responses related to the Order To Show Cause. (See dkt. entry nos. 5, 8, 10 & 14.) But the defendants fail to address in any of those papers whether KEX is indeed deemed to be a New Jersey citizen or whether Hong Jae Lee is indeed a New Jersey citizen, and thus have ignored the Court's concerns over the forum-defendant rule. The plaintiffs, in response, object to removal based on the forum-defendant rule. (See, e.g., dkt. entry no. 7, Pls. Response at 4-5.)

The defendants also have failed to specifically address Hong Jae Lee's citizenship. The defendants' burden as the removing parties of demonstrating subject matter jurisdiction — "is never waived", and cannot be bypassed. Liberty Mut. Fire Ins. Co. v. Yoder, 112 Fed.Appx. 826, 828 (3d Cir. 2004).

The Court will therefore (1) grant the Order To Show Cause to the extent that it concerns remand of the action (a) for failure to demonstrate jurisdiction under Section 1332, and (b) based on the forum-defendant rule under Section 1441(b), (2) vacate the Order To Show Cause to the extent that it raises other issues, and (3) remand the action to New Jersey state court.[1] The Court will issue an appropriate Order and Judgment.[2]

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

**Dated:** April 15, 2011

---

[1] Even if Hong Jae Lee is indeed a New Jersey citizen and there is jurisdiction under Section 1332, the forum-defendant rule still bars removal.

[2] As the action will be remanded, the Court cannot address the issue of venue argued by the defendants. (See, e.g., dkt. entry no. 10, Defs. Response at 1-2.) The defendants, however, are not barred from seeking relief related to the issue of venue in New Jersey state court. See, e.g., TIG Ins. Co. v. Wojtunik, No. A-0331-08T1, 2009 WL 4824500, at *5-8 (N.J. App. Div. Dec. 16, 2009) (discussing doctrine of forum non conveniens).